IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER PIERCE,**
            **Petitioner,**

     v.                         CASE NO.  07-3078-SAC

**KAREN ROHLING,**
            **Respondent.**

**CHRISTOPHER PIERCE,**
            **Petitioner,**

     v.                         CASE NO.  07-3083-SAC

**KAREN ROHLING,**
            **Respondent.**

### O R D E R

These two habeas corpus petitions filed pursuant to 28 U.S.C. 2254 are identical and are consolidated for all purposes. Petitioner has filed numerous, similar habeas corpus petitions in this court claiming "over detention," and other grounds. He has repeatedly been informed that his claims under Section 2254 challenging his 1993 Kansas convictions for kidnaping and aggravated robbery are now successive, and that he may not proceed in this court on a successive 2254 petition without prior approval from the Tenth Circuit Court of Appeals under 28 U.S.C. 2244(b)(3)(A)[1].

There is no indication that petitioner applied for and received authorization from the United States Court of Appeals for the Tenth

---

[1] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A).

Circuit before submitting the instant petitions for filing.

Furthermore, in October, 2004, the Tenth Circuit Court of Appeals entered an order that directed Mr. Pierce to submit $250.00 to the clerk of the court, after having previously held that he would not be allowed to pursue further challenges to his 1993 Kansas convictions until he submitted the payment. See Pierce v. Roberts, No. 04-3386 (10th Cir., Oct. 19, 2004, unpublished)[2]. Mr. Pierce has not submitted proof with the instant petitions that he has paid the $250.00 sanction imposed by the Circuit Court. It follows that these petitions challenging his 1993 Kansas convictions may not be transferred to the Court of Appeals for consideration of authorization to file. This court concludes that these actions must be dismissed for non-compliance with 28 U.S.C. 2244(b)(3)(A) and prior orders of the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that the two above-encaptioned actions are incorporated for all purposes; and that petitioner's motions for leave to proceed in forma pauperis (Docs. 2) are denied as moot.

**IT IS FURTHER ORDERED** that these actions are dismissed, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2007, at Topeka, Kansas.

---

[2] "On May 26, 2004, in case no. 03-3350, this court ordered Mr. Pierce to pay the Clerk of this court the sum of $250.00 and further ordered that he shall not be permitted to pursue further matters in this court challenging the conviction and sentence imposed by the Kansas state courts for aggravated robbery and kidnapping until he provides proof that he has paid the $250.00.). Id. at *1.

3

                  s/Sam A. Crow
                  U. S. Senior District Judge